# NO. 12-16-00263-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALAN AUSTIN-ERNSTMAN PATTERSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Alan Austin-Ernstman Patterson appeals his conviction for aggravated robbery.[1] In his sole issue, Appellant argues the trial court erred by failing to award him credit towards his sentence for the time he spent in a substance abuse felony punishment facility (SAFP). We modify and affirm as modified.

## BACKGROUND

On October 24, 2003, Appellant pleaded "guilty" to the felony offense of aggravated robbery and was placed on deferred adjudication community supervision for ten years. One of the conditions of Appellant's community supervision required that he successfully serve a term of confinement and treatment in a SAFP facility. The record indicates Appellant entered a SAFP facility on January 8, 2004 and was released on July 2, 2002.[2]

---

[1] The judgment adjudicating guilt names appellant as Alan Austin-Ernstman Patterson, however, he is referred to as Alan Patterson at various places throughout the record.

[2] Appellant's brief indicates Appellant was released from SAFP on July 7, 2004, but the State contends he was released on July 2, 2004. Appellant cites to an order releasing him from SAFP, which indicates a tentative release date of July 2, 2004. The order is signed and filed on June 7, 2004. Thus, the evidence supports the July 2, 2004 release date.

On May 4, 2007, Appellant was arrested for furnishing alcohol to a minor. The community supervision officer notified the trial court of Appellant's arrest, which violated his community supervision, and the court issued a capias. Appellant absconded from the court's jurisdiction for several years, but on August 11, 2016, Appellant appeared before the court on a motion to revoke his community supervision. Appellant entered a plea of "true" to the State's allegations. The court revoked Appellant's community supervision and assessed punishment at imprisonment for twenty five years, with credit for time served. This appeal followed.

## TIME CREDIT

In his sole issue, Appellant complains that the trial court erred by not crediting his sentence with the time he spent in the SAFP facility. The State concedes error.

**Analysis**

Successful completion of the inpatient portion of the SAFP program entitles a defendant to credit towards his sentence for time spent in the facility. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(d) (West Supp. 2016) (on revocation, trial court shall credit to defendant time served as a condition of community supervision in a substance abuse felony punishment facility if defendant successfully completed the treatment program in that facility);[3] *Deveraux v. State*, Nos. 12-13-00284-CR, 12-13-00285-CR, 2014 WL 977475, at *3 (Tex. App.—Tyler Mar. 12, 2014, no pet.) (mem. op., not designated for publication) (a defendant is not required to complete a subsequent program to receive credit on sentence for time served in a SAFP facility). In this case, the record indicates that Appellant completed the inpatient portion of the SAFP program; thus, we sustain Appellant's sole issue and conclude that he should receive credit for the time he spent in SAFP. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(d); *Deveraux*, 2014 WL 977475, at *3.

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *see also Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd). In this case, the record indicates that Appellant

---

[3] Article 42.12 of the code of criminal procedure was repealed and recodified, effective January 1, 2017, within Chapter 42A. *See* Tex. H.B. 2299 §§ 3.01, 4.02, 84th Leg., C.S. (2015). We cite to the current version of the law, i.e., Article 42A.755, because the recodification is "intended as a codification only, and no substantive change in the law is intended." Tex. H.B. 2299 § 4.01, 84th Leg., C.S. (2015).

entered SAFP on January 8, 2004.  A motion for an order releasing Appellant from SAFP states that Appellant would complete the program on July 2, 2004 and lists July 2 as the projected release date.  On June 7, 2004, the trial court signed an order that listed a tentative release date of July 2.  Accordingly, the record supports the conclusion that Appellant is entitled to credit for time spent in SAFP from January 8 through July 2.  Because we have the necessary information, we conclude that the trial court's judgment should be modified to reflect credit for the time Appellant served in a SAFP facility, which, by our calculation, is another 177 days in addition to the 244 days already credited to his sentence.[4]  *See* TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment of adjudication by adding the date range "FROM 01-08-04 TO 07-02-04" in the "Time Credited" column between the lines that state "FROM 04-23-03 TO 10-25-03" and "FROM 06-15-16 TO 08-11-16[.]"  We further ***modify*** the trial court's order of final adjudication by deleting "244" on the last line of text above the date and signature which states, "It is further ordered that the defendant be given 244 days served in jail" and replacing it with "421[.]"  We ***affirm*** the trial court's judgment as ***modified***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[4] The State concedes that the trial court's judgment should be modified to include the time Appellant spent in SAFP.  However, the State's letter brief indicates they believe Appellant should receive an additional 176 days credit for January 8, 2004 through July 2, 2004.  By our calculation, taking into account that 2004 was a leap year, we conclude Appellant is entitled to credit for 177 days.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 9, 2017

NO. 12-16-00263-CR

**ALAN AUSTIN-ERNSTMAN PATTERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 241-1114-03)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified as follows**:

"by adding the date range "FROM 01-08-04 TO 07-02-04" in the "Time Credited" column between the lines that state "FROM 04-23-03 TO 10-25-03" and "FROM 06-15-16 TO 08-11-16[.]" We further *modify* the trial court's order of fina adjudication by deleting "244" on the last line of text above the date and signature which states, "It is further ordered that the defendant be given 244 days served in jail" and replacing it with "421[.]"

**and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*