

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00021-CR

JEFFERY DAVID JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-0352-19

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jeffery David James had previously been found guilty of tampering with or fabricating physical evidence[1] in Smith County[2] and had been sentenced, pursuant to a plea agreement, to ten years' imprisonment, suspended in favor of community supervision for a period of six years. Subsequently, James had his community supervision revoked for violations of the terms of his community supervision, violations which he admitted were true.[3] James appeals.

James's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial proceedings. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 15, 2020, counsel mailed to James a copy of the brief, the motion to withdraw, and a pro se motion for access to the appellate record lacking only James's signature. James was

---

[1]TEX. PENAL CODE ANN. § 37.09(c).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[3]After an evidentiary hearing, the trial court granted the State's motion and sentenced James to ten years' imprisonment.

informed of his right to request and review the record and file a pro se response. On March 16, we notified James that his pro se motion for access to the appellate record was due on or before April 1. By letter dated April 14, this Court informed James that any pro se response was due on or before May 14. On July 16, this Court further notified James that the case would be set for submission on the briefs on August 6. We received neither a pro se response from James nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the assessment of attorney fees in the certified bill of costs.

"[O]nce a criminal defendant has been determined to be indigent, []he 'is presumed to remain indigent for the remainder of the proceedings unless a material change in [his] financial circumstances occurs.'" *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.)). "Thus, the trial court must determine that the defendant has financial resources which enable h[im] to offset in part or in whole the costs of the legal services provided, and that determination must be supported by some factual basis in the record before attorney's fees are imposed." *Id.* "If the record does not show that the defendant's financial circumstances materially changed after the previous determination that []he was indigent, the evidence will be insufficient to support the imposition of attorney's fees." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010)).

3

Because James was indigent, the trial court did not assess attorney fees against James and the judgment reflects that court costs should only total $328.00. Even so, the bill of costs totals $628.00, which includes a $300.00 attorney fee. We may "make the record speak the truth when we have the necessary data and information to do so." *Patterson v. State*, 525 S.W.3d 896, 898 (Tex. App.—Tyler 2017, no pet.) (citing TEX. R. APP. P. 43.2(b); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *see Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd)). Because the judgment properly omitted the assessment of fees for James's court-appointed attorney, but the bill of costs mistakenly included them, we delete from the bill of costs the $300.00 assessment for attorney fees.

We modify the bill of costs by deleting the $300.00 assessment for attorney fees. We affirm the judgment of the trial court.[4]

Josh R. Morriss, III
Chief Justice

Date Submitted: August 6, 2020
Date Decided: October 16, 2020

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

4