# NO. 12-21-00066-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ARTHUR MICHAEL PALACIOS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Arthur Michael Palacios appeals the revocation of his deferred adjudication community supervision and the imposition of a fifteen-year prison sentence. In two issues, Appellant contends (1) the trial court abused its discretion by not requiring him "to participate in an intermediate sanction facility as a less-restrictive alternative to imprisonment" and (2) the trial court improperly assessed a time payment fee and a warrant fee. We modify and affirm the trial court's judgment as modified.

## BACKGROUND

Appellant was charged by indictment with the second-degree felony offense of burglary of a habitation. Appellant waived a jury trial and pleaded "guilty" in an open plea. The trial court found the evidence sufficient to find Appellant guilty, but deferred further proceedings and placed Appellant on community supervision for ten years. The State subsequently filed a motion to adjudicate guilt. The trial court conducted a hearing on the matter, at which Appellant pleaded "true" to violating the terms and conditions of his community supervision. After the hearing, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced Appellant to fifteen years of imprisonment. This appeal followed.

<u>**LESS RESTRICTIVE ALTERNATIVES**</u>

In his first issue, Appellant argues the trial court abused its discretion by failing to consider less restrictive alternatives to imprisonment.

<u>**Standard of Review and Applicable Law**</u>

We review a trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Quisenberry v. State*, 88 S.W.3d 745, 749 (Tex. App.—Waco 2002, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); *see also Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). Proof of a single violation of the terms of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). The preponderance of the evidence standard is met when the greater weight of the credible evidence supports a reasonable belief that the defendant has violated a condition of community supervision. *Rickels*, 202 S.W.3d at 763-64. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).

We examine the evidence in the light most favorable to the trial court's findings to determine whether the evidence supports the findings. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.) (explaining the legal sufficiency standard for reviewing a jury's verdict); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). At a hearing on a motion to revoke community supervision, the trial court is the trier of fact and determines the weight and credibility of the testimony. *See Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); *see also Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). When the record supports conflicting inferences, we presume the factfinder resolved any such conflicts in favor of its findings. *See Montgomery*, 369 S.W.3d at 192.

<u>**Analysis**</u>

Appellant does not challenge the sufficiency of the evidence supporting the trial court's revocation of his community supervision. Appellant argues only that the trial court erred by

imposing a sentence of imprisonment rather than a less restrictive alternative, such as an intermediate sanctions facility to address his substance abuse.

Once a single violation of any condition of community supervision is established, trial courts "enjoy broad discretion in deciding whether to continue, extend, modify, or revoke community supervision." *Merino v. State*, Nos. 13-19-00240-CR, 13-19-00241-CR, 2020 WL 3116351, at *3 (Tex. App.—Corpus Christi June 11, 2020, no pet.) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 42A.751(d) (West Supp. 2021); *see also Ex parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986), *overruled on other grounds by State v. Waters*, 560 S.W.3d 651, 663 (Tex. Crim. App. 2018); *Smith v. State*, 587 S.W.3d 413, 419 (Tex. App.—San Antonio 2019, no pet.). The trial court's broad discretion includes whether to place a probationer in SAFPF[1] as an additional condition of continued community supervision. *Merino*, 2020 WL 3116351, at *3. Courts have consistently deferred to a trial court's discretion to revoke community supervision over a probationer's request for placement in SAFPF or a similar facility. *Merino*, 2020 WL 3116351, at *3; *Hodge v. State*, Nos. 02-10-00050-CR, 02-10-00051-CR, 2011 WL 2756540, at *2-3 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication); *Mathis v. State*, No. 04-09-00075-CR, 2009 WL 3320270, at *2 (Tex. App.—San Antonio Oct. 14, 2009, no pet.) (mem. op., not designated for publication); *Marriott v. State*, No. 07-02-00203-CR, 2003 WL 22004084, at *2 (Tex. App.—Amarillo Aug. 25, 2003, pet. ref'd) (mem. op., not designated for publication); *Hawkins v. State*, 112 S.W3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.).

Despite this clear deference to the trial court's discretion, Appellant argues that "conditions and sanctions should be tailored to the circumstances and needs of the individual defendant." Appellant urges that "[i]ntermediate sanction facilities are an important piece of the progressive sanctions available for offenders who struggle with substance abuse[,]" and he maintains that the least restrictive intervention should be imposed. Appellant contends that he did not commit any violent crimes or use firearms or other weapons during his community supervision, and that "[t]his is precisely the type of case that warrants implementation of additional, progressive sanctions before revocation." While we do not disagree with Appellant that there is a broad array of alternatives to imprisonment in Texas, we cannot, based on the record, agree with Appellant that the trial court abused its discretion in not utilizing one of those alternatives.

---

[1] SAFPF is Substance Abuse Felony Punishment Facility.

Appellant pleaded "true" to all of the alleged violations in the State's motion to adjudicate guilt, which included failure to submit to numerous random urinalysis tests, failure to report to his supervision officer, failure to attend Narcotics Anonymous meetings, and failure to complete the Lifeskills Program. The trial court accepted Appellant's pleas of true and found that the allegations in the State's motion to revoke were true. An appellant's plea of "true," standing alone, supports revocation of his community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). On this record, the trial court could reasonably determine that Appellant was not a good candidate for continued community supervision or substance abuse counseling. *See Webster v. State*, No. 07-20-00248-CR, 2021 WL 1899359, at *3-4 (Tex. App.—Amarillo May 11, 2021, no pet.) (mem. op., not designated for publication). As previously discussed, revocation proceedings are "highly discretionary." *Merino*, 2020 WL 3116351, at *4 (citing *Waters*, 560 S.W.3d at 661). Any one of Appellant's numerous violations would have supported revocation of his community supervision. *See Merino*, 2020 WL 3116351, at *4 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). Therefore, it was within the trial court's discretion to revoke Appellant's community supervision and impose a fifteen-year sentence of imprisonment. *See id.* We overrule issue one.

### TIME PAYMENT FEE AND WARRANT FEE

In his second issue, Appellant argues that the trial court prematurely assessed a time payment fee of $25 and improperly assessed a warrant fee of $50. The State concedes that the time payment fee was prematurely assessed and joins Appellant's request that we delete the time payment fee; however, the State contends the warrant fee was properly assessed.

The bill of costs reflected a total of $314, which included a time payment fee of $25. "The pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, assessment of the time payment fee in Appellant's case is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. *See id.* Accordingly, we sustain this portion of issue two and delete the time payment fee.

The bill of costs also includes a $50.00 "warrant fee." The Texas Code of Criminal Procedure requires a convicted defendant to pay certain fees to "defray the cost of services

provided in the case by a peace officer." TEX. CODE CRIM. PROC. ANN. art. 102.011(a) (West Supp. 2021). Specifically, the statute requires a defendant to pay $5.00 for an arrest without a warrant and $50.00 for executing or processing an issued arrest warrant, capias, or capias pro fine. *Id*. art. 102.011(a)(1), (2).

Appellant argues that this Court should delete the warrant fee because "the record does not demonstrate that Mr. Palacios's arrest was pursuant to a warrant[]" and "no arrest warrants or capiases appear in the record[.]" However, contrary to Appellant's assertions, two capiases appear in the record: one dated February 6, 2018, and the other dated February 2, 2021. Both capiases were executed and returned served. We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Patterson v. State*, 525 S.W.3d 896, 898 (Tex. App.—Tyler 2017, no pet.). Therefore, the judgment and corresponding bill of costs should be modified to include a warrant fee for each of the two capiases issued, an increase of $50, for a total warrant fee of $100. *See* *Martinez v. State*, 510 S.W.3d 206, 207 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2). We overrule this portion of issue two.

## DISPOSITION

Having sustained in part and overruled in part Appellant's second issue and overruled Appellant's first issue, we *modify* the trial court's judgment and bill of costs by striking the $25 time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution he owes. We further *modify* the judgment and bill of costs to add an additional $50 warrant fee for the second capias that was issued, resulting in a warrant fee of $100 and total costs of $339. *See* TEX. R. APP. P. 43.2(b). We *affirm* the trial court's judgment *as modified*.

**BRIAN HOYLE**
Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00066-CR**

**ARTHUR MICHAEL PALACIOS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0049-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** by striking the $25 time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes; and we **modify** the judgment and bill of costs to add an additional $50 warrant fee for the second capias issued; resulting in a warrant fee of $100 and total costs of $339; in all other respects the judgment of the trial court is affirmed; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*