# NO. 12-21-00116-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUDSON TAYLOR BROWN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 294TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Judson Taylor Brown appeals his conviction for evading arrest in a vehicle. He presents three issues for our consideration. We modify and affirm as modified.

## BACKGROUND

During the early morning hours of June 2, 2020, Derek Heitner, an officer with the Canton Police Department, was on routine patrol in Canton, Texas. Heitner noticed a black Ford truck parked in front of a closed furniture store. Heitner noted that the vehicle had not been there on his previous patrol of the area an hour earlier. He found it unusual for a car to be parked in the store lot at the late hour because no businesses were open and there was no reason for a car to be parked in the lot. Heitner decided to investigate, pulled into the parking lot, approached the vehicle, and found it unoccupied. The truck's hood was warm, indicating that it had been recently driven. Using his in-car computer, Heitner searched the license plate and registration through a law enforcement database and found that neither the plates nor the registration returned to the truck. In fact, the registration and license plate returned to two separate vehicles. Heitner testified that it is unlawful for an individual to display a registration sticker or license plate that is not registered to the vehicle displaying the sticker or plate.

Heitner ran the vehicle identification number through the database and the number returned to an individual, who was not Appellant, but who had active warrants. Heitner and his partner, Officer Brian Everitt, parked their patrol vehicles in an area where they could see the vehicle and wait for the driver to return. Heitner was concerned about a possible burglary, because there is a pharmacy in the area that had been "hit" several times. He further testified that, in his experience, people who commit burglaries often try to mask their vehicle using fraudulent plates or tags.

After approximately ten minutes, Appellant came onto the scene, entered the vehicle, and began to drive away. Heitner activated his lights and sirens and began following Appellant to detain him, but Appellant did not stop. Appellant proceeded to lead officers on a forty-three minute, high speed chase from Canton to Mabank, Texas.

Multiple officers joined the chase, and the Kaufman County Sheriff's Office ultimately deployed spike strips, causing Appellant's tire to deflate and fall off, leading him to crash in a ditch. Appellant was arrested and later indicted for evading arrest in a vehicle.

At trial, Appellant conceded most of the State's case. He only challenged whether Heitner's initial reasons for detaining Appellant were lawful. Appellant argued that Heitner's real motivation for attempting to detain him was an unreasonable suspicion that Appellant was committing a burglary. The State emphasized Heitner's testimony that the truck Appellant was driving had fraudulent plates and registration, which provided Heitner with reasonable suspicion to lawfully detain Appellant. The jury found Appellant guilty, and, after pleading "true" to one enhancement allegation, the trial court sentenced Appellant to imprisonment for thirteen years with a $1,500.00 fine. This appeal followed.

**JURY CHARGE ERROR**

In Appellant's first issue, he argues that the trial court erred by not providing the legal definitions of "lawful arrest" and "lawful detention" in its written charge to the jury.[1] The State concedes that the omission of these definitions constitutes error. However, because Appellant failed to object to the omission of these definitions at trial, the State argues that Appellant must

---

[1] The definitions quoted by Appellant come from the State Bar Commission on Criminal Pattern Jury Charges. Comm. on Pattern Jury Charges—Criminal, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Intoxication, Controlled Substances & Public Order Offenses* CPJC § 63.4 (2019).

show egregious harm. The State argues that Appellant cannot show egregious harm because even if the charge included the definitions, the jury would still have found Appellant "guilty."

**Analysis**

We review jury charge error in two steps—we first determine whether error exists, and, if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *See Thomas v. State*, 454 S.W.3d 660, 664 (Tex. App.—Texarkana 2014, pet. ref'd). "The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)); *see also* TEX. CODE CRIM. PROC. ANN. Art. 36.14 (West 2007) ("the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case..."). In reviewing a jury charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch*, 922 S.W.2d at 170. If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453–54 (Tex. Crim. App. 2003). If error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), *overruled on other grounds, Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988). Conversely, if error was not preserved at trial by a proper objection, as is the case here, a reversal will be granted only if the error presents egregious harm, meaning the appellant did not receive a fair and impartial trial. *Id.* To obtain reversal for jury-charge error, the appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986). In the egregious harm analysis, we consider (1) the charge itself, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the trial record in its entirety. *See Hutch*, 922 S.W.2d at 171.

The omitted definition for lawful arrest is:

> An arrest by a peace officer is lawful without an arrest warrant if the officer has probable cause to believe the person to be arrested committed an offense in the officer's presence or view.

"Probable cause" as required for an arrest means facts known to the officer that would lead a reasonable law enforcement officer to conclude there is a reasonable probability that a specific person has engaged in criminal activity.

The omitted definition for lawful attempted detention is:

A brief detention of a person by a peace officer is lawful if the officer has "reasonable suspicion."

"Reasonable suspicion" means facts known to the officer that would lead a reasonable law enforcement officer to reasonably suspect that a specific person has engaged in criminal activity, is engaging in criminal activity, or is about to engage in such activity.

As a general rule, terms need not be defined in the charge if they are not statutorily defined. *Middleton*, 125 S.W.3d at 454. But terms which have a technical legal meaning may need to be defined. *Id.* This is particularly true when there is a risk that the jurors may arbitrarily apply their own personal definitions of the term or where a definition of the term is required to assure a fair understanding of the evidence. *Id.*

Probable cause and reasonable suspicion are not statutorily defined terms. However, Appellant argues these terms have a technical legal meaning and should have been defined by the trial court for the jury. Because the State concedes that the definitions should have been in the charge, we will assume the omission of these definitions constitutes error.[2] Appellant argues that he suffered egregious harm as a result of the omission of the aforementioned definitions because the lawfulness of the arrest or detention was the central issue at trial.

In evaluating whether egregious harm occurred, we must look to the jury charge, the evidence, including contested issues and the weight of the probative evidence, arguments of counsel, and any other relevant information revealed by the trial record as a whole. *See **Hutch***, 922 S.W.2d at 171. While the charge did not define lawful arrest or detention, the charge properly instructed the jurors to find Appellant guilty of evading arrest or detention if they found beyond a reasonable doubt that Appellant "while using a vehicle, intentionally fle[d] from Derek

---

[2] The Texas Court of Criminal Appeals has found no error where an appellate court assumed without deciding jury charge error and decided the case solely on harm. *Vogel v. State*, No. PD-0873-13, 2014 WL 5394605, at *2 (Tex. Crim. App. Sept. 17, 2014) (op., not designated for publication). The Court reasoned that, because *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985), *overruled on other grounds, **Rodriguez v. State***, 758 S.W.2d 787 (Tex. Crim. App. 1988) requires both a jury charge error and harm, it makes no difference which prong a court of appeals finds lacking in rejecting a claim of reversible jury-charge error. *Id.* This approach promotes the virtues of deciding cases on narrower grounds and enhancing judicial efficiency by addressing those elements of a claim that are more quickly and easily resolved. *Id.*

Heitner, a person the Defendant knew was a peace officer who was attempting to *lawfully arrest or detain* the Defendant[.]" (emphasis added). Nonetheless, Appellant argues that, without the definitions of lawful arrest or detention in the charge, the jury was put in the position of deciding "who is telling them the correct law: the State or the Defense." The State, in turn, argues that the jury was given the definitions through the course of trial and Appellant's trial counsel did not disagree with those definitions.

Our review of the entire record, including the charge, evidence, and arguments of counsel, demonstrates that Appellant did not suffer egregious harm as a result of the omitted definitions. As the State points out, there was ample testimony from Officer Heitner regarding the standard for reasonable suspicion and probable cause, and Appellant's trial counsel did not object or disagree with Heitner's testimony in that regard. Heitner explained reasonable suspicion as "certain facts [that] lead you to believe that a crime is about to occur or is occurring, [law enforcement officers] have the ability to investigate that." Heitner further articulated the specific facts he believed gave him reasonable suspicion to detain Appellant:

> Yes. I had reasonable suspicion that a crime was or is about to occur based on the vehicle, where it was parked, the license plate, registration. And then taking steps further, checking on the registered owner, confirming they also had parole warrants out of another county even led to more suspicion that, hey, something's not right here, because this isn't just somebody parking their car here. It doesn't trigger.

Thus, there was no dispute about the definition of reasonable suspicion and, consequently, no risk that the jurors would arbitrarily apply their own personal definition. *See **Middleton***, 125 S.W.3d at 454 (no error in failing to include definition of probable cause where there was no ambiguity regarding its meaning). While Appellant argues that his "only contention" at trial was to "contest the lawful arrest or detention of Brown," the record reveals that Appellant's trial counsel only contested whether Heitner had reasonable suspicion to detain Appellant for burglary. However, as State's counsel pointed out during final argument, Heitner had reasonable suspicion to detain Appellant for the fictitious plate and registration sticker. Thus, whether Heitner had reasonable suspicion to believe that Appellant committed a burglary is superfluous.[3]

---

[3] Reasonable suspicion is an objective standard. ***Garcia v. State***, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). There need only be an objective basis for the detention and the subjective intent of the officer conducting the stop is irrelevant. ***Id.***

For the foregoing reasons, we conclude that Appellant was not egregiously harmed by the trial court's failure to define lawful arrest or detention. *See **Hutch***, 922 S.W.2d at 171. We overrule Appellant's first issue.

### ENHANCEMENT

In Appellant's second issue, he argues that the trial court erred by not including in its written judgment that Appellant pleaded "true" to an enhancement paragraph and the trial court found the enhancement allegation "true." The State agrees. Appellant and the State ask this Court to modify the judgment to reflect Appellant's plea of "true" to the enhancement and the trial court's finding that the enhancement allegation is "true."

A review of the record indicates that the indictment does contain one enhancement paragraph, to which Appellant pleaded "true" at the sentencing phase of trial. The trial court accepted Appellant's plea and found the allegation "true." However, the trial court's judgment does not reflect that Appellant pleaded "true" to an enhancement allegation or that the trial court found the enhancement allegation to be "true." Thus, we sustain Appellant's second issue.

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); ***Patterson v. State***, 525 S.W.3d 896, 898 (Tex. App.—Tyler 2017, no pet.). Therefore, we modify the trial court's judgment to reflect that Appellant pleaded "true" to one enhancement allegation, and we further modify the judgment to reflect that the trial court found one enhancement allegation "true."

### TIME PAYMENT FEE

In Appellant's third issue, he argues that the trial court erred in prematurely assessing the $15.00 time payment fee authorized by Article 102.030 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. Art. 102.030 (West Supp. 2021). Our review of the judgment, bill of costs, and withholding order judicates the trial court assessed a $1,500 fine, $290 in court costs, and $75 in reimbursement fees. The $15 time payment fee is included with the $75 in reimbursement fees.

The Texas Court of Criminal Appeals has held that a time payment fee like the one imposed here must indeed be struck for being prematurely assessed because a defendant's appeal

suspends the duty to pay court costs and therefore suspends the running of the clock for purposes of the time payment fee. *Johnson v. State*, No. 06-21-00044-CR, 2022 WL 1177608, at *2 (Tex. App.—Texarkana Apr. 21, 2022, no pet. h.) (mem. op., not designated for publication); *see also Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). Thus, we sustain Appellant's third issue. Accordingly, we modify the judgment and attached withholding order by deleting the $15.00 time payment fee without prejudice to the fee being assessed later if, more than thirty days after the issuance of our mandate, Appellant has failed to completely pay any fine, court costs, or restitution that he owes. *See Dulin,* 620 S.W.3d at 133.

## DISPOSITION

Having overruled Appellant's first issue and sustained Appellant's second and third issues, we *modify* the trial court's judgment to reflect that Appellant pleaded "true" to one enhancement allegation and the trial court found one enhancement allegation to be "true." We further *modify* the trial court's judgment and attached withholding order by deleting the $15 time payment fee. We *affirm* the trial court's judgment as *modified.*

**GREG NEELEY**
Justice

Opinion delivered May 4, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 4, 2022**

**NO. 12-21-00116-CR**

**JUDSON TAYLOR BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR20-00150)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant pleaded "true" to one enhancement allegation and the trial court found one enhancement allegation to be "true." It is further ORDERED, ADJUDGED and DECREED that the trial court's judgment and attached withholding order be **modified** by deleting the $15 time payment fee; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*