# NO. 12-23-00261-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *D'ERIC JOVAN BRANFORD, APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

D'Eric Jovan Branford appeals his conviction for unlawful possession of a firearm by a felon. In his sole issue, Appellant argues that the sentence imposed by the trial court amounts to cruel and unusual punishment because it is disproportionate to (1) other sentences for the same offense and (2) the facts and circumstances constituting his offense. We affirm.

## BACKGROUND

Appellant was charged by indictment with unlawful possession of a firearm by a felon.[1] The matter proceeded to trial, and the jury found Appellant "guilty." The trial court assessed punishment at seven years of confinement. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the seven-year sentence imposed by the trial court amounts to cruel and unusual punishment because it is disproportionate to other sentences for the same offense and the facts and circumstances of the crime committed. However, Appellant did not raise a timely objection in the trial court regarding the issue of cruel and unusual punishment,

---

[1] *See* TEX. PENAL CODE ANN. § 46.04(a) (West Supp. 2023).

and he therefore failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under United States Constitution); *see also* TEX. R. APP. P. 33.1(a); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] [and] . . . it [is] incumbent upon the Court itself to take up error preservation as a threshold issue."). For the reasons explained herein, despite Appellant's failure to preserve error, we conclude that his sentence does not constitute cruel and unusual punishment.

"The legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(e) (West Supp. 2023) (providing that offense of unlawful possession of firearm by felon under Subsection (a) is a third-degree felony); *see also id*. § 12.34 (West 2019) (setting range of punishment for third-degree felony at confinement for not more than ten years or less than two years). The seven-year sentence imposed by the trial court falls within the range set by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Texas courts and the Fifth Circuit Court of Appeals have modified the application of the *Solem* test in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before

addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* *Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making a threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In *Rummel*, the United States Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. The appellant in *Rummel* received a life sentence because he had two prior felony convictions – one for fraudulent use of a credit card to obtain goods worth $80.00 and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1145.

In the instant case, Appellant's third-degree felony offense – unlawful possession of a firearm by a felon – is no less serious than the combination of offenses committed by the appellant in *Rummel*, and Appellant's seven-year sentence is significantly less severe than the life sentence upheld in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the *Solem* test. *See* *McGruder*, 954 F.2d at 316; *Jackson*, 989 S.W.2d at 845-46. We overrule issue one.

## CLERICAL ERROR IN JUDGMENT

On the record before us, we observe that a clerical error not raised by Appellant exists in the trial court's judgment. The trial court's judgment states that punishment was assessed by the jury, but the reporter's record clearly indicates that the trial judge assessed punishment. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information to do so. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Patterson v. State*, 525 S.W.3d 896, 898 (Tex. App.—Tyler 2017, no pet.); *Asberry*

*v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Our authority to reform an incorrect judgment is not dependent on the request of any party. ***Rhoten v. State***, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Because we have the necessary data and information to correct the "punishment assessed by" portion of the judgment, we conclude that the judgment should be modified to reflect that the trial judge assessed Appellant's punishment. *See **Bigley***, 865 S.W.2d at 27-28; ***Patterson***, 525 S.W.3d at 898; ***Asberry***, 813 S.W.2d at 529; *see also* TEX. R. APP. P. 43.2(b). Accordingly, we modify the "punishment assessed by" portion of the trial court's judgment by replacing the word "jury" with the word "court" to correctly reflect that the trial court assessed punishment.

## DISPOSITION

Having overruled Appellant's sole issue but having concluded that a clerical error exists in the trial court's judgment, we ***modify*** the trial court's judgment and ***affirm*** the trial court's judgment ***as modified***.

GREG NEELEY
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00261-CR**

**D'ERIC JOVAN BRANFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No. 22CR-022)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that the judgment should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to indicate that punishment was assessed by the trial court; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*