**Opinion issued December 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00592-CR**

————————————

**EDUARDO MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1031995**

---

## O P I N I O N

Eduardo Martinez appeals the trial court's judgment adjudicating his guilt and sentencing him to 20 years' confinement. After Martinez entered a guilty plea to the second-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury, the trial court placed him on deferred adjudication for eight

years.  *See* TEX. PENAL CODE § 22.02(a), (b).  The State subsequently moved to adjudicate, and the trial court granted the motion and adjudicated Martinez's guilt.  In his sole issue on appeal, Martinez argues that there is insufficient evidence to support $255 of the $549 in court costs assessed in the judgment.  We affirm.

## Background

After Martinez was indicted for the offense of aggravated assault with a deadly weapon causing serious bodily injury, he pleaded guilty in exchange for a recommendation from the State that adjudication be deferred and he be placed on community supervision for eight years, pay $11,000 in restitution, and perform 300 hours of community service.  The trial court followed the recommendation, deferred adjudication, placed Martinez on community supervision for eight years, and ordered him to perform 300 hours of community service and pay $11,000 in restitution.

The State moved to adjudicate Martinez's guilt in 2008, 2009, and early 2014, but it dismissed each of these motions for various reasons.  In November 2014, the State moved to adjudicate Martinez's guilt a fourth time, alleging seven violations of the terms and conditions of his community supervision, including committing a new law violation while on community supervision.

At the hearing on the State's motion, Martinez pleaded "not true" to each of the seven allegations.  After receiving evidence and hearing the testimony of several

2

witnesses, the trial court found that Martinez had committed the new law violation and granted the State's motion. The trial court entered a judgment adjudicating guilt and sentenced Martinez to 20 years' confinement. The judgment ordered Martinez to pay $549 in court costs.

## Discussion

In his sole issue, Martinez contends that the evidence is insufficient to support $255 of the $325 sheriff's fee assessed against him as part of the $549 in court costs assessed in the judgment. The bill of costs included in the appellate record reflects that Martinez was assessed five $50 charges for "serving capias" and one $5 charge for "arrest w/o warrant/capias" as part of the $325 sheriff's fee, but Martinez argues that the record does not support the imposition of these costs.

### A.    Standard of Review and Applicable Law

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.* at 390. "[W]hen a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Id.* at 389.

Section 102.011 of the Code of Criminal Procedure authorizes assessment of fees for services performed by peace officers. *See* TEX. CODE CRIM. PROC. art. 102.011; *see also Love v. State*, No. 03-15-00462-CR, 2016 WL 1183676, at \*1 (Tex. App.—Austin Mar. 22, 2016, no pet.) (mem. op., not designated for publication). Among other things, section 102.011 authorizes the imposition of the following costs as part of a sheriff's fee:

> (1) $5 . . . for making an arrest without a warrant;
>
> (2) $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . .

TEX. CODE CRIM. PROC. art. 102.011(a)(1), (2).

## B. Analysis

The bill of costs included in the appellate record reflects that the costs assessed in the judgment include a $325 sheriff's fee. The bill of costs further reflects that $255 of the $325 sheriff's fee is comprised of five $50 charges for serving capias and one $5 charge for arrest without a warrant. Martinez acknowledges that article 102.011 authorizes the assessment of $50 for serving capias and $5 for arrests without a warrant, but argues that the record does not support the imposition of these charges. *See* TEX. CODE CRIM. PROC. art. 102.011(a)(1), (2).

However, the standard for upholding the imposition of a cost is whether there is a basis for that cost, and not whether sufficient evidence supports its imposition. *See Johnson*, 423 S.W.3d at 390; *Love*, 2016 WL 1183676, at \*1. The record

4

supports the assessment of the challenged fees. The record reflects that Martinez was initially arrested pursuant to a warrant, and that issuance of capias was requested with the filing of each of the four motions to adjudicate, corresponding to five instances of serving capias. The State further asserts that Martinez's new law violation formed the basis for an arrest without a warrant. These events reflected in the record "arguably might have . . . served as a basis" for the complained-of costs. *See Love*, 2016 WL 1183676, at *2.

We overrule Martinez's sole issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Publish. TEX. R. APP. P. 47.2(b).

Massengale, J., concurring.

5