

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00156-CR

_____

BENJAMIN BARRINGTON JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 46439-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

O P I N I O N

Following a bench trial, Benjamin Barrington Johnson was found guilty of two counts of harassment against a public servant and was sentenced to five years' incarceration on each count, with the sentences to run concurrently. Johnson was also assessed consolidated court costs in the amount of $133.00. In a single appellate issue, Johnson challenges the assessment of consolidated court costs, claiming that that the statute authorizing the imposition of such costs is facially unconstitutional. We disagree.

## I. The Bill of Costs Did Not Assess Unconstitutional Fees

The imposition of court costs on a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost [assessed]." *Id*. When a trial court erroneously assesses court costs in its judgment, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

In a certified bill of costs, Johnson was assessed $133.00 in consolidated fees. In reliance on *Salinas v. State*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017), in which the Texas Court of Criminal Appeals addressed the facial constitutionality of the consolidated fee statute,[1] Johnson

---

[1] The previous version of Section 133.102(e) of the Texas Local Government Code listed the accounts to which the court costs must be allocated as follows: (1) abused children's counseling; (2) crime stoppers assistance; (3) breath alcohol testing; (4) Bill Blackwood Law Enforcement Management Institute; (5) law enforcement officers standards and education; (6) comprehensive rehabilitation; (7) law enforcement and custodial officer supplemental retirement fund; (8) criminal justice planning; (9) an account in the state treasury to be used only for the establishment and operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A&M University; (10) compensation to victims of crime fund; (11) emergency radio infrastructure account; (12) judicial and court personnel training fund; (13) an account in the state treasury to be used for the establishment and operation

claims that certain fees assessed against him were unconstitutional and should be deleted from the judgment. Section 133.102 requires any person convicted of a felony offense to pay $133.00 as part of a "Consolidated Court Cost" fee. The Texas Court of Criminal Appeals ruled that Section 133.102 of the Texas Government Code was facially unconstitutional to the extent the funds collected were dispersed to the accounts for "abused children's counseling" and "comprehensive rehabilitation." *Id*. The court stated,

> [W]ith respect to the collection and allocation of funds for [abused children's counseling and comprehensive rehabilitation,] the statute is facially unconstitutional in violation of separation of powers. We also hold, however, that the invalidity of these two statutory provisions does not render the statute as a whole unconstitutional. As a result, we hold that any fee assessed pursuant to the consolidated fee statute must be reduced pro rata to eliminate the percentage of the fee associated with these two accounts.

*Id*. at 105.

*Salinas* was decided in March 2017. Following that decision, the Legislature amended Section 133.102(e) of the Texas Local Government Code to remove the "abused children's counseling" and "comprehensive rehabilitation" accounts identified by the Texas Court of Criminal Appeals as unconstitutional in *Salinas*. *See* Act of May 18, 2017, 85th Leg., R.S., ch. 966, §1, 2017 Tex. Gen. Laws 3911, 3911 (codified at TEX. LOC. GOV'T CODE § 133.102(e)). In the amended statute, the Legislature reallocated the percentages for the two accounts to the "fair defense account." *Id*. Under the current statute, "crime stoppers assistance" is now subsection (e)(1), and "criminal justice planning" is now subsection (e)(6). TEX. LOC. GOV'T

---

of the Correction Management Institute of Texas and Criminal Justice Center Account; and (14) fair defense account. Act of May 29, 2011, 82d Leg., R.S., ch. 1249, § 13(b), sec. 133.102(e)(1), (6), 2011 Tex. Gen. Laws 3349, 3353, *amended by* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen. Laws 3911, 3911 (effective June 15, 2017) (current version at TEX. LOC. GOV'T CODE § 133.102(e)).

CODE ANN. § 133.102(e)(1), (e)(6) (West Supp. 2018). The effective date of the amended version of Section 133.102(e) was June 15, 2017.

Johnson's court costs were imposed on June 29, 2018. Consequently, the costs which *Salinas* ruled unconstitutional were not assessed against Johnson. We overrule this point of error.

## II. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     January 18, 2019
Date Decided:       January 25, 2019

Publish

4