**Affirmed as Modified and Opinion Filed December 28, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00761-CR

**DONALD JAMAIN HENDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1976114-T**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Donald Jamain Henderson appeals his conviction for murder. In two issues, Henderson argues (1) the consolidated costs assessed were improper and (2) the imposition of a "time-payment fee" was premature. The State cross-appeals by stating the clerk should assess various separate fees as required by law. We affirm as modified.

## BACKGROUND

Henderson was indicted for the July 9, 2019 murder of Gretchen Easton. *See* TEX. PENAL CODE § 19.02. A jury found him guilty of murder, and the trial court assessed punishment of 40 years' imprisonment and no fine. The district clerk

applied court costs of $290.00 to the judgment, which included $185.00 in state consolidated court costs and $105.00 in itemized local consolidated court costs. Additionally, the district clerk added a "time-payment fee" of $25.00 to the costs Henderson owed. Henderson challenges the fees imposed and this appeal follows.

**ANALYSIS**

In two issues, Henderson challenges the consolidated costs assessed and the time-payment fee. The State agrees the consolidated costs applied were the incorrect amount and the time-payment fee was applied prematurely. In a single cross-issue, the State asks this Court to assess various separate fees as required by law if we sustain Henderson's first issue.

**I.    Consolidated Costs**

Henderson first challenges the district clerk's assessment of a consolidated costs fee of $185.00. A defendant may raise a claim challenging the basis of the assessed court costs for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The imposition of court costs on a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id*. "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost [assessed]." *Id*. "A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees." *Martinez v. State*, 510 S.W.3d 206, 208 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Johnson*, 423 S.W.3d at 389). Only statutorily-authorized court costs

–2–

may be assessed against a defendant. *Johnson*, 423 S.W.3d at 389. When a trial court "erroneously assesses court costs in its judgment, the proper appellate remedy is to reform the judgment to delete the improper fees." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Johnson v. State*, 568 S.W.3d 716, 717 (Tex. App.—Texarkana 2019, no pet.).

Section 133.102 of the local government code states that "a person convicted of an offense shall pay as a court cost, in addition to all other costs: (1) $185 on conviction of a felony." TEX. LOC. GOV'T CODE § 133.102(a)(1). However, because of the date of the offense, Henderson's conviction falls under the previous version of section 133.102 which states: "A person convicted of an offense shall pay as a court costs, in addition to other costs: (1) $133 on conviction of a felony." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), sec. 133.102(a), 2003 Tex. Gen. Laws 979, 996 (amended 2005, 2011, 2013, 2019) (current version at TEX. LOC. GOV'T CODE § 133.102(a)(1) and effective January 1, 2020). The State agrees Henderson's costs fell under a prior cost scheme. We agree. Henderson's date of offense was July 9, 2019. The current version of section 133.102 did not go into effect until January 1, 2020. Henderson should have been charged $133.00 in consolidated court costs under the previous version of section 133.102(a)(1), instead of the current required amount of $185.00.

Citing *Salinas v. State*, Henderson also alleges a portion of the previous version of section 133.102 was held unconstitutional and should apply to his fees as

well. *See Salinas*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017). We disagree. Although Henderson is correct that the *Salinas* court ruled portions of section 133.102 were unconstitutional, the Texas Legislature amended section 133.102 and removed the portions identified as unconstitutional in *Salinas*. *See Johnson*, 568 S.W.3d at 718; Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen. Laws 3911, 3911 (codified at TEX. LOC. GOV'T CODE § 133.102(e)). The effective date of the amended version was June 15, 2017, prior to Henderson's offense. Therefore, the full amount of $133.00 is constitutional and should be assessed to Henderson. *See Johnson*, 568 S.W.3d at 718 (stating because the costs were imposed on Johnson after the legislature amended section 133.102(e), "the costs which *Salinas* ruled unconstitutional were not assessed against Johnson."). We sustain Henderson's first issue in part.

## II. Time-Payment Fee

In his second issue, Henderson argues the district court prematurely assessed the time-payment fee. We agree.

Former section 133.103(a), which is applicable here, provided that a convicted person shall pay a fee of $25.00 if the person "pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), sec. 133.103(a), 2003 Tex. Gen. Laws 979, 996–97 (amended 2005, 2011, 2013; subsection (c-1) repealed 2019), *transferred and amended by* Act

of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 5.04, 2019 Tex. Gen. Laws 3981, 4010, 4035 (current version at TEX. CODE CRIM. PROC. art. 102.030 and effective January 1, 2020) (amended 2021). A trial court's assessment of the $25.00 time payment fee during the pendency of an appeal, however, is premature because the appeal stops the clock and suspends a defendant's obligation to pay court costs. *Dulin v. State*, 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021); *see Shuler v. State*, 650 S.W.3d 683, 689–90 (Tex. App.—Dallas 2022, no pet.).

Henderson argues, and the State agrees, the district clerk assessed the time-payment fee during the pendency of his appeal. We also agree. The district clerk prematurely assessed the time-payment fee during the pendency of Henderson's appeal. *See Dulin*, 620 S.W.3d at 132–33. The fee should be removed and can be reassessed following the completion of the appeals process if needed. Therefore, we sustain Henderson's second issue.

## III. State's Cross Issue

In a single cross-issue, the State argues several of the itemized local consolidated court costs assessed are incorrect because they reflect amounts under the current law rather than the law in effect at the time of the offense. The State also contends that the district clerk failed to assess certain other court costs. We agree.

The 2019 Cost Act was created to consolidate multiple different fees assessed on judgments into one state consolidated court cost fee and one local consolidated court cost fee to be assessed in every case. *See generally* Cost Act, 86th Leg., R.S.,

ch. 1352, 2019 Tex. Gen. Laws 3981. Prior to enactment of the Cost Act, the local fees were assessed individually. Our Court has held that the Cost Act continues the former law in effect for the purposes of offenses committed prior to the Act's effective date. *See Shuler*, 650 S.W.3d at 689–90.

In Henderson's judgment, the district clerk applied the current Cost Act amounts, but listed the fees out individually instead of as one amount. However, because Henderson is correct that his case does not fall under current dictates of the Cost Act, the State argues these fees should also be modified to align with the fees due at the time Henderson's offense was committed. Under its assessment, Henderson's total court costs should be $314.00.

According to the State, Henderson should have been assessed the following fees and amounts:

| | |
|---|---|
| Clerk's Fee | $40 |
| Technology Fee | $4 |
| County Records Management Fee | $25 |
| Courthouse Security Fee | $5 |
| Juror Reimbursement Fee | $4 |
| Jury Fee | $40 |
| DNA Fee | $50[1] |
| Judicial Support Fee | $6 |
| Indigent Defense Fee | $2[2] |

---

[1] The fee amounts were previously found in the code of criminal procedure prior to their amendment into the consolidated amounts: clerk fee, TEX. CODE CRIM. PROC. art. 102.005(a); technology fee, *Id*. art. 102.0169; county records management fee, *Id*. art. 102.005(f); courthouse security fee, *Id*. art. 102.017; juror reimbursement fee, *Id*. art. 102.0045; jury fee, *Id*. art. 102.004(a); and the DNA fee, *Id*. art. 102.020.

[2] The judicial support fee was previously located in the section 133.105(a) and the indigent defense fee was in section 133.107(a) of the local government code. TEX. LOC. GOV'T CODE §§ 133.105(a), 133.107(a).

Statewide e-filing Fee                               $5[3]

Totaling:                                            $181

The State contends the district clerk erroneously assessed a fee for specialty courts in the amount of $25 and asks this Court to delete that fee.

We agree with the State. Prior to the Cost Act's local consolidated court costs one-time fee, the fees listed above were individually assessed to defendants. Because Henderson's offense date falls under the law prior to the passing of the Cost Act and consolidated fee structure, he is responsible for the individual assessment of the fees as listed. We sustain the State's cross-issue.

## IV.   Modification of the Judgment

We have the authority to reform judgments when necessary. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We must reform an incorrect judgment "to make the record speak the truth" when we have the necessary information to do so. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Bigley*, 865 S.W.2d at 27–28.

Having sustained Henderson's two issues on appeal, we modify the trial court's judgment to (1) reflect that the consolidated court costs are $133.00 instead of $185.00, and (2) remove the time-payment fee assessed. *See* TEX. R. APP. P. 43.2(b). Having also sustained the State's cross-issue, we modify the local fees to

---

[3] The statewide e-filing fee was located in § 51.851(d) of the Texas Government Code. TEX. GOV'T CODE § 51.851(d).

include a clerk's fee of $40.00, technology fee of $4.00, county records management fee of $25.00, courthouse security fee of $5.00, juror reimbursement fee of $4.00, jury fee of $40.00, DNA fee of $50.00, judicial support fee of $6.00, indigent defense fee of $2.00, and a statewide e-filing fee of $5.00 to Henderson's judgment, as well as the deletion of the specialty court fee. *See Contreras v. State*, No. 05-20-00185-CR, 2021 WL 6071640, at *8 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication) (asserting this Court's authority to modify the bill of costs in addition to the judgment).

## CONCLUSION

Under the record before us, we sustain Henderson's two issues in part, sustain the State's cross-issue, modify the judgment accordingly, and affirm the judgment as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
210761F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD JAMAIN HENDERSON, Appellant

No. 05-21-00761-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1976114-T. Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Reduce the consolidated court costs from $185.00 to $133.00; delete the time-payment fee; and include a clerk's fee of $40.00, technology fee of $4.00, county records management fee of $25.00, courthouse security fee of $5.00, juror reimbursement fee of $4.00, jury fee of $40.00, DNA fee of $50.00, judicial support fee of $6.00, indigent defense fee of $2.00, statewide e-filing fee of $5.00, and delete the specialty court fee

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 28th day of December 2022.