**Opinion issued February 23, 2023**



In The

# Court of Appeals
For The
# First District of Texas

————————————

## NO. 01-22-00485-CR

————————————

**CRYSTAL RENA WEBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 92699-CR

**MEMORANDUM OPINION**

Appellant Crystal Rena Weber pleaded guilty to the offense of possession of a controlled substance weighing less than one gram. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). The trial court deferred an adjudication of guilt and placed Weber under community supervision for two years. The State then filed a motion to revoke deferred adjudication.

At the hearing on the State's motion to revoke deferred adjudication, Weber pleaded "true" to all the allegations in the State's motion. The trial court found the allegations "true," adjudicated appellant's guilt, and assessed punishment at 15 months' confinement. This appeal followed.

On appeal, Weber's appointed counsel filed a motion to withdraw with a brief stating that the record presents no reversible error, that the appeal is without merit, and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has advised Weber of her right to access the record and has provided her with a form motion for access to the record. Counsel further advised Weber of her right to file a pro se response to the *Anders* brief. Weber has done neither.

We have independently reviewed the entire record in this appeal. Based on that review, we conclude that no error to reverse Weber's conviction exists in the record, that there are no arguable grounds for review, and that the appeal from her conviction is frivolous.[1] *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous).[2]

Weber's counsel further contends that because Weber is indigent, the assessment of $900 in attorney's fees in the final judgment should be deleted. We agree.

A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. TEX. CODE CRIM. PROC. art.

---

[1]     We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

[2]     *See also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

26.05(g); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (observing that "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees [of legal services provided]" (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010))).

Here, the record shows that the trial court found Weber to be indigent and appointed counsel to represent her before she was placed on deferred-adjudication probation. The trial court again found Weber to be indigent when the State moved to revoke her deferred-adjudication probation, and again on appeal.

Because the trial court found Weber to be indigent, she is presumed to remain indigent absent proof of a material change in her circumstances. *See* TEX. CODE CRIM. PROC. art. 26.04(p); *Mayer*, 309 S.W.3d at 557. Nothing in the record indicates a change in Weber's financial circumstances. The record also contains no determination by the trial court that Weber could pay $900 in attorney's fees—and we find no factual basis in the record to support such a determination.

As a result, we conclude that the trial court erroneously assessed attorney's fees against Weber for court-appointed counsel. We therefore modify the judgment to delete the $900 fee for "Attorney Fees." *See Byrd v. State*, No. 01–12–00930–CR, 2013 WL 5947975, at *2 (Tex. App.—Houston [1st Dist.] Nov. 5, 2013, no pet.)

(mem. op., not designated for publication) (modifying judgment by deleting appointed attorney's fees and affirming judgment as modified in *Anders* appeal).[3]

Weber's counsel additionally maintains that we should delete a $60 "reimbursement fee" that is included in the judgment. Article 102.011 of the Texas Code of Criminal Procedure permits a $50 fee for "executing or processing an issued arrest warrant, capias, or capias pro fine[.]" TEX. CODE CRIM. PROC. art. 102.011(a)(2). In reviewing reimbursement costs, "the standard for upholding the imposition of a cost under 102.011 is whether there is a basis for that cost, and not whether sufficient evidence supports its imposition. *Martinez v. State*, 510 S.W.3d 206, 209 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

The record shows that a capias was issued on January 27, 2022. Thus, there is a basis in the record for $50 of the $60 fine. However, we are unable to determine from the record whether there is a basis for the remaining $10 of the "reimbursement costs." As a result, we further modify the judgment to reduce the "reimbursement costs" to $50.

---

[3]    *See also Navarro v. State*, No. 01–12–00415–CR, 2013 WL 2456799, at *2 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op., not designated for publication) (same); *see also Hubbard v. State*, No. 02–13–00300–CR, 2014 WL 1767475, at *1 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op., not designated for publication) ("We have the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed.").

As so modified, we affirm the trial court's judgment and grant counsel's motion to withdraw. Attorney Perry Stevens must immediately send Weber the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).