**Affirmed as Modified and Memorandum Opinion filed August 27, 2024**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00478-CR

**MARIO HARRIDEO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1716588**

## MEMORANDUM OPINION

Appellant, Mario Harrideo, pleaded not guilty to the first-degree felony offense of continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02(b). A jury found him guilty. Appellant elected to have the court asses punishment. The trial court assessed punishment at 25 years' incarceration. The written judgment orders appellant to pay $290 in court costs and $365 in reimbursement fees.

**Counsel's Motion to Withdraw**

Appellant's appointed counsel filed a motion to withdraw and a brief concluding that this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967). However, counsel asserts that the judgment should be modified (1) to change the age of the victim in the judgment to reflect the record and (2) to delete or reduce certain amounts listed on the bill of costs.

The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). On May 28, 2024, appellant filed a pro se response to counsel's brief.

We have carefully reviewed the record, counsel's brief, and appellant's pro se response and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Appellant's counsel's motion to withdraw is granted. We address below the alleged errors in the judgment and order that the judgment be modified as directed in this opinion.

**Errors in the Judgment**

Counsel has noted that there are errors in the judgment that do not require reversal. This court and other courts of appeal across Texas have modified judgments in *Anders* cases without requiring counsel to file a new brief where non-reversible errors are raised. *See Rhodes v. State*, 676 S.W.3d 228 (Tex. App.—

Houston [14th Dist.] 2023, no pet.); *Ferguson v. State*, 435 S.W.3d 291 (Tex. App.—Waco 2014, no pet.). Counsel notes that the judgment incorrectly states the victim's age at the time of the offense and that the judgment contains illegal court costs and reimbursement fees.

### 1. Judgment Incorrectly States the Victim's Age

The judgment states that the victim was 14 years old at the time of the offense. The record reflects that the complainant testified that his father committed acts of sexual abuse when the complainant was between the ages of 9 and 12 years old. Accordingly, we modify the judgment to reflect that the age of the victim at the time of the offense was 9 to 12 years old—the ages supported by the testimony adduced at trial. *See Ferguson*, 435 S.W.3d at 295 (modifying trial court's judgment to reflect the correct age of the victim at the time of the offense).

### 2. Court Costs and Reimbursement Fees

The trial court assessed $290 in court costs and $365 in reimbursement fees; however, the total "Criminal Bill of Cost" lists $760 in various costs. According to counsel's brief, court costs should be assessed at $133 and reimbursement fees should be $75. We address each of counsel's arguments in turn. Below is a reproduction of the Criminal Bill of Costs:

| Fee Description | Amount Assessed |
| --- | --- |
| LEA - Attach/Convey Witness | $295.00 |
| Consolidated Court Cost -State | $185.00 |
| Consolidated Court Cost -Local | $105.00 |
| Child Abuse Prevention | $100.00 |
| LEA - Capias Execution | $50.00 |
| LEA - Bond Approval Fee | $50.00 |
| LEA - Commitment Fee | $5.00 |
| LEA - Release Fee | $5.00 |
| LEA - Summon Jury | $5.00 |
| Assessed Date: 7/7/2023 | Total Amount Assessed: $760.00 |
| | Total Paid: $0.00 |
| | Total Due: $760.00 |

A defendant generally may challenge the costs imposed in the bill of costs for the first time on appeal when, as in this case, those costs are not imposed in open court and the judgment does not contain and itemization of the costs. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016). When reviewing a challenge to the costs assessed against a defendant, we review the assessment to determine whether a basis for the costs exists, not whether there is sufficient evidence to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

Frist, counsel argues that the "Attach/Convey Witness" fee of $295.00 is not supported by the record. A defendant convicted of a felony or misdemeanor is responsible for reimbursing certain fees for services performed by a peace officer, such as $5 for summoning a witness, $0.29 per mile for milage required of an officer to summon or attach a witness, and $10 per day spent by an officer who attached a witness on the order of a court outside the county. *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(3), (b)(3), (c). The record contains 23 applications for

4

witness subpoenas. The applications for subpoena provide a sufficient basis that this cost exists. *See Martinez v. State*, 510 S.W.3d 206, 209 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("the standard for upholding the imposition of a cost under 102.011 is whether there is a basis for that cost, and not whether sufficient evidence supports its imposition"); *cf. Rhodes v. State*, 676 S.W.3d 228, 233 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ("attach/convey witness" cost struck where no evidence that a peace officer served a subpoena on any witness or conveyed or attached any witness). Thus, we decline to reduce or delete the $295 fee.

Second, the bill of costs lists a cost of $185 for "Consolidated Court Cost – State." However, for offenses committed prior to January 2020, such as appellant's offense, the statutory amount for this court cost was $133. Tex. Loc. Gov't. Code Ann. § 133.102. Therefore, we agree that the judgment should be modified to reflect the amount of $133 in costs for "Consolidated Court Cost – State." *See Rhodes*, 676 S.W.3d at 232.

Third, the bill of costs lists a cost of $105 for "Consolidated Court Cost – Local." However, this cost was added by amendment in 2019 and is only applicable to offenses committed on or after January 1, 2020. *See* Tex. Loc. Gov't. Code Ann. § 134.101. We agree that the judgment should be modified to delete the assessment of $105 for "Consolidated Court Cost – Local." *See Rhodes*, 676 S.W.3d at 232–33.

Fourth, the bill of costs lists a cost of $100 for "Child Abuse Prevention." Counsel argues this cost is illegal because it can only be assessed as a *fine* (not a cost), which must be orally pronounced at sentencing. The charge for the child abuse prevention fund was assessed pursuant to former article 102.0186 of the

Texas Code of Criminal Procedure.[1] Former article 102.0186 provided for a $100 cost to be assessed for certain child sexual assault offenses.[2] Effective January 1, 2020, that cost was reclassified as a fine. The reclassification is effective only as to offenses committed after the effective date of January 1, 2020.[3] Accordingly, the trial court properly assessed the $100 child abuse prevention fee. *See Shuler v. State*, 650 S.W.3d 683, 689 (Tex. App.—Dallas 2022, no pet.).

Finally, counsel argues the $50 "Bond Approval Fee" is not supported by the record. Article 102.011(a)(5) provides for a $10 fee "for taking and approving a bond and, if necessary, returning the bond to the courthouse." Tex. Code Crim. Proc. Ann. art. 102.011(a)(5). Here, appellant made one bond which was never revoked. As such, this fee should be modified to reflect the amount of $10 in costs for the "Bond Approval Fee." *See Briceno v. State*, 675 S.W.3d 87, 97 (Tex. App.—Waco 2023, no pet.) (striking bond approval fee from judgment and corresponding bill of costs when appellant took no bond).

## Conclusion

The judgment should be modified to reflect (1) the age of the victim as being between 9 – 12 years old; (2) court costs in the amount of $133; and (3)

---

[1] *See* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.127(a), 2005 Tex. Gen. Laws 621, 684, amended by Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 3.24, 2007 Tex. Gen. Laws 1120, 1137, amended by Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.39, 2.40, 2019 Tex. Gen. Laws 3981, 4006 (current version at Tex. Code Crim. Proc. Ann. art. 102.0186).

[2] *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1490, § 6, 2001 Tex. Gen. Laws 5290, 5293 (enacting former article 102.020), amended by Act of May 30, 2009, 81st Leg., R.S., ch. 1209, §§ 1, 2, 2009 Tex. Gen. Laws 3865, 3865–66 (adding subsection (a)(3)), amended by Act of May 19, 2015, 84th Leg., R.S., ch. 221, § 1, 2015 Tex. Gen. Laws 1307, 1307–08, amended by Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.29, 2015 Tex. Gen. Laws 2321, 2375–76, repealed by Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19, 2019 Tex. Gen. Laws 3981, 3992.

[3] *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.19, 2.39, 2.40, 5.04, 2019 Tex. Gen. Laws 3981, 3992, 4006, 4035 (§§ 2.39, 2.40 of the Act codified at Tex. Code Crim. Proc. Ann. art. 102.0186).

reimbursement fees in the amount of $470. The judgment is affirmed as modified.


PER CURIAM

Panel consists of Justices Wise, Bourliot, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).